IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **TIARE TECHNOLOGY, INC.,** | &#124; |
| **Plaintiff,** | &#124; |
| v. | &#124; Civil Action No. 2:22-cv-0016 |
| **YADAV ENTERPRISES, INC.,** | &#124; JURY DEMANDED |
| **YTC ENTERPRISES, LLC,** | &#124; |
| **Defendants.** | &#124; |

### DEFENDANT YADAV ENTERPRISES, INC.'S MOTION TO DISMISS PURSUANT TO FEDERAL RULES 12(b)(2) and 12(b)(3)

NOW COMES the Defendant, Yadav Enterprises, Inc. ("Yadav"), through counsel, and files this motion to dismiss Plaintiff Tiare Technology, Inc.'s ("Tiare") Complaint pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3), and, in support thereof, states as follows:

### BACKGROUND

Plaintiff, a Delaware corporation, filed the instant action on January 11, 2022 against Defendant Yadav Enterprises, Inc. ("Defendant" or "Yadav" herein), and YTC Enterprises, LLC, citing claims for patent infringement. Throughout its Complaint, Plaintiff incorrectly conflates the two defendants as a single entity and alleges all facts and claims against both defendants as though they were the same party. In connection therewith, Plaintiff fails to identify any specific involvement of Yadav in any of the alleged infringing activities. Defendant is a corporate management company existing under the laws of the State of California. Yadav formed as a corporation in the State of California in 2008 and since then has operated its headquarters in the City of Fremont, California. Defendant Yadav maintains no other business locations, particularly none in the State of Texas.

1

Defendant Yadav seeks dismissal of Plaintiff's Complaint in its entirety with prejudice as this Court lacks jurisdiction over Defendant. Moreover, venue is not proper in this District as Defendant does not reside in this State or this District, maintains no locations in this State or this District, and has not conducted any activities within or purposefully directed toward this State or this District. For all the reasons set forth herein, personal jurisdiction for this patent infringement case cannot be maintained over Yadav Enterprises, Inc. As a result, Plaintiff's Complaint should be dismissed in its entirety with prejudice as to Defendant Yadav.

## **ARGUMENT**

**I.     The Complaint Should be Dismissed Pursuant to Rule 12(b)(2) as Defendant is Not Subject to Personal Jurisdiction in this Court.**

Federal Rule of Civil Procedure 12(b)(2) requires dismissal of an action when the court lacks personal jurisdiction over the defendant. Federal Circuit law governs personal jurisdiction where a "patent question exists." *See Celgard, LLC v. SK Innovation Co.*, 792 F.3d 1373, 1377 (Fed. Cir. 2015). "[W]hether a defendant is subject to specific personal jurisdiction in the forum state involves two inquiries: first, whether the forum state's long-arm statute permits service of process and, second, whether the assertion of jurisdiction is consistent with due process." *Id*. (citing) *Elecs. for Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1349 (Fed. Cir. 2003). "Because the Texas long-arm statute extends to the limits of federal due process, the two-step inquiry collapses into one federal due process analysis." *Johnson v. Multidata Sys. Int'l. Corp.*, 523 F.3d 602, 609 (5th Cir. 2008).

For the second inquiry, the Due Process Clause allows a court to exercise personal jurisdiction over a non-resident defendant with "certain minimum contacts . . . such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"

2

*Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). The constitutional touchstone for determining whether an exercise of personal jurisdiction comports with due process "remains whether the defendant purposefully established minimum contacts in the forum state." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985) (citing) *Int'l Shoe Co.*, 326 U.S. at 316. "Minimum contacts" may give rise to either general or specific jurisdiction.

To find minimum contacts with a forum state, this Court must determine whether Defendant has a "substantial connection" with Texas, or whether Defendant's contacts connect it to Texas in a "meaningful way." *See, Walden v. Fiore*, 571 U.S. 277, 134 S. Ct. 1115 (2014). Pursuant to the Supreme Court, at its core, this analysis turns on the (1) relevance of Defendant's contacts with the forum state and (2) how meaningful those contacts are. *See, e.g., Walden*, 134 S. Ct. at 1122-23. Defendant's contacts must also satisfy at least three requirements to be relevant: (1) the contacts are created by the defendant himself; (2) the contacts are targeted at the forum state (as opposed to persons who reside there); and (3) the contacts bear on the substantive legal dispute. *Id*.

Personal jurisdiction may be either general or specific. In this case, neither exists with respect to Defendant.

### A. General Personal Jurisdiction Does Not Exist Over Defendant Yadav

General jurisdiction requires that "a foreign corporation's affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 134 S. Ct. at 746, 749 (quoting) *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). For specific jurisdiction, the analysis "focuses on the 'relationship among the defendant, the forum, and the litigation.'" *Walden*, 134 S. Ct. at 1121

(quoting) *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984). The Federal Circuit has created the following three-prong test to determine whether a court can exercise specific jurisdiction over a non-resident defendant in a patent infringement case: (1) whether the defendant purposefully directed activities at residents of the forum; (2) whether the claim arises out of or relates to those activities; and (3) whether the assertion of personal jurisdiction is reasonable and fair. *See, Nuance Communs., Inc. v. Abbyy Software House*, 626 F.3d 1222, 1231 (Fed. Cir. 2010). The plaintiff bears the burden of affirmatively establishing the first two elements. *See, Celgard*, 792 F.3d at 1378.

Plaintiff's pleaded assertions regarding general personal jurisdiction for Yadav are vague. For example, the Complaint alleges "Yadav" (Yadav Enterprises, Inc. and YTC Enterprises, LLC, collectively) "has committed, and continues to commit, acts of infringement in this District has conducted business in this District, and/or has engaged in continuous and systematic activities in this District," and "has committed and continues to commit acts of infringement in this [District] [sic] by, among other things, offering to sell, selling products and/or services, and/or using services that infringe the Asserted Patents, including the Taco Cabana application." See, Complaint, ¶¶ 9-10. But Plaintiff's allegations improperly conflate the two entities. *See Fellowship Filtering Techs., LLC v. Alibaba.com, Inc.,* No. 2:15-cv-2049-JRG, Dkt. No. 53, at p. 8 (E.D. Tex., Aug. 31, 2016). And the allegations suffer from being conclusory. *See, AFTG-TG, LLC v. Nuvoton Tech. Corp.*, 689 F.3d 1358, 1365 (Fed. Cir. 2012) (affirming dismissal for lack of personal jurisdiction where plaintiff's complaint "represent[ed] nothing more than 'bare formulaic accusation' that the defendants maintain sufficient contacts"); *Panda Brandywine Corp. v. Potomac Elec. Power Co.,* 253 F.3d 865, 869 (5th Cir. 2001) (finding failure to meet prima facie case requirement where

Appellants provided only conclusory allegations and no evidence supporting its jurisdictional allegations).

Instead, Yadav maintains no offices in Texas, is not licensed to do business in Texas, has no personnel stationed in Texas, pays no Texas taxes, and has no registered agent for service of process in Texas. *See,* Exhibit "A," Affidavit of Richard Pawlowski (the "Pawlowki Affidavit"). In other words, even Plaintiff's vague – and incorrect – allegations would not render Yadav "essentially at home" in Texas. *See Hockerson-Halberstadt, Inc. v. Propet USA, Inc.,* 62 Fed. Appx. 322, 337 (Fed. Cir. 2003) (finding that defendant's contacts with state—despite regularly selling the infringing products—were "not so substantial and of such a nature as to justify the exercise of general jurisdiction" because defendant did not have any bank accounts, property, offices, agents, or employees in that state). As such, we turn to the specific jurisdiction analysis.

### B.  Specific Personal Jurisdiction Does Not Exist Over Defendant Yadav

A court may exercise specific personal jurisdiction over a defendant if "(1) the defendant has purposefully directed his activities at the forum state or purposefully availed himself of the privilege of conducting business in that state, and (2) the alleged injury arises out of the defendant's forum-related activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). A defendant shall not be required to defend a lawsuit in a forum state "solely as a result of random, fortuitous, or attenuated contacts" or because of "unilateral activity of another party." *Id.* at 475.

#### 1.  Defendant Yadav Has Not Purposefully Directed Any Activities at the State of Texas, Nor Has It Availed Itself of Privileges in Texas

Plaintiff's personal jurisdiction allegations consist of vague allegations against *collective* "Yadav":

> This Court has specific personal jurisdiction over Yadav in this action pursuant to due process and the Texas Long Arm Statute because the claims asserted herein arise out of or are related to

5

> Yadav voluntary contacts with this forum, such voluntary contacts including but not limited to: (i) at least a portion of the actions complained of herein; (ii) purposefully and voluntarily placing one or more Accused Products into this District and into the stream of commerce with the intention and expectation that they will be purchased and used by customers in this District; or (iii) regularly doing or soliciting business, engaging in other persistent courses of conduct, or deriving substantial revenue from goods and services, including the Accused Products, provided to customers in Texas and in this District.

*See,* Complaint, ¶ 11. None of these allegations meet the legal standard for establishing personal jurisdiction over Yadav Enterprises, Inc. These allegations are intentionally vague, improperly disregard corporate form, and include no specific activities of Yadav. Specific allegations against each entity are necessary because "even one hundred percent ownership of a subsidiary is not a sufficient basis to disregard the corporate form." *Fellowship Filtering Techs.*, No. 2:15-cv-2049-JRG, Dkt. No. 53, at p. 8 (finding that contacts of related corporate entity should not be imputed to non-resident entity, and granting non-resident entity's motion to dismiss for lack of personal jurisdiction); *see also, QR Spex, Inc. v. Motorola, Inc.,* 507 F. Supp. 2d 650, 663 (E.D. Tex. 2007).

Plaintiff's failure to allege jurisdictional facts specific to Yadav are particularly critical because Plaintiff's collective allegations wrongly characterize Yadav and are conclusory. Simply stated, there are no facts plead by Plaintiff in the Complaint that are specific to Defendant Yadav. Regardless, as set forth herein, Yadav does not make, sell or offer for sale the Accused Products in this District. *See,* Pawlowski Affidavit, ¶¶ 5 – 11. As such, Plaintiff's Complaint fails to make a *prima facie* showing of the allegations against Yadav. *See AFTG-TG*, 689 F.3d at 1365 (affirming dismissal for lack of personal jurisdiction where plaintiff's complaint "represent[ed] nothing more than 'bare formulaic accusation' that the defendants maintain sufficient contacts"); *Panda Brandywine Corp.*, 253 F.3d at 869.

Plaintiff alleges nothing specific to Yadav other than the meaningless conclusory allegation that "[u]pon information and belief, YTC Enterprises, LLC is an affiliate of Yadav Enterprises, Inc." *See,* Complaint, ¶ 6. This is certainly not legally sufficient to support jurisdiction over Yadav. As set forth in the Pawlowski Affidavit, Yadav performs administrative and finance services for clients, none of said services related to the Taco Cabana application or Accused Products. *See,* Pawlowski Affidavit, ¶¶ 4 – 9. Even if Yadav owned Defendant YTC Enterprises, LLC, which it does not, that relationship would nevertheless still not subject Yadav to personal jurisdiction in this District. *See, Freres v. SPI Pharma, Inc.,* 629 F. Supp. 2d 374 (D. Del. 2009) (granting motion to dismiss foreign parent company from suit for lack of personal jurisdiction and ruling that parent company's status as owner of a foreign manufacturing subsidiary was not sufficient to confer personal jurisdiction); see also, *Garnet Digital*, *LLC v. Apple, Inc.*, 893 F. Supp. 2d 814 (E,D. Tex. 2012) (dismissing complaint for lack of personal jurisdiction and rejecting argument that 300 customers in district reflected a meaningful contact).

Thus, Plaintiff has not put forth allegations sufficient to meet its burden to show that Yadav purposefully directed activities at Texas, and there is no specific jurisdiction over Yadav.

### 2. The Exercise of Personal Jurisdiction Over Yadav would Not be Reasonable and Fair

Even if Plaintiff were able to put forward allegations sufficient to establish that Yadav purposefully directed activities at Texas, the exercise of specific personal jurisdiction here would not be fair and reasonable. Courts consider five factors in determining whether exercising jurisdiction comports with fair play and substantial justice: (1) the burden on the defendant, (2) the forum's interest in adjudicating the dispute, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the states in furthering fundamental substantive

social policies. *Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com. De Equip. Medico*, 563 F.3d 1285, 1299 (Fed. Cir. 2009). In balancing these factors, it is clear that it would be unreasonable to exercise personal jurisdiction over Yadav.

### a. The Burden on Defendant Yadav

Yadav, as a foreign corporation with a lack of physical presence in Texas, faces an increased burden in defending itself in this District. This factor weighs in favor of Yadav.

### b. The Forum's Interest in Adjudicating the Dispute

While Texas has an interest in adjudicating patent infringement within its borders, that interest is protected through the involvement of YTC Enterprises, LLC, a Delaware entity that maintains a location in San Antonio, Texas, and a registered agent in Liberty Hill, Texas. Indeed, as Plaintiff's Complaint is generally directed at Yadav and YTC Enterprises, LLC, collectively, Plaintiff offers no reason to believe that there would be any impact on the interest with the dismissal of Yadav. This factor weighs in favor of Yadav as well.

### c. The Plaintiff's Interest in Obtaining Convenient and Effective Relief

Plaintiff has not identified any witnesses or evidence from Yadav located in Texas that would support Plaintiff's interest in obtaining convenient relief in this District. Also, Plaintiff has not shown why it cannot obtain effective relief from the other named defendant. *See, Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1490 (9th Cir. 1993) (explaining that, because full relief is available from the remaining defendants, dismissing the other defendants does not compromise the effectiveness of relief available to plaintiff). As a result, this factor also weighs in favor of Yadav.

      d.  **The Interstate Judicial System's Interest in Obtaining the Most Efficient Resolution of Controversies**

This factor is not applicable as Plaintiff has not identified any other states with interests in this matter.

      e.  **The Shared Interests of the States in Furthering Fundamental Substantive Social Policies**

Here, interests are best served by not exercising jurisdiction over Yadav because, as earlier explained, the interests of Plaintiff and of Texas are minimal. This factor also weighs in favor of Yadav and the Complaint should be dismissed based on lack of personal jurisdiction.

**II.    The Complaint Should be Dismissed for Improper Venue Pursuant to Rule 12(b)(3)**

Plaintiff alleges that venue is proper in this district pursuant to 28 U.S.C. § 1400(b). *See,* Complaint, ¶ 12. That allegation is insufficient on its face, and this case should be dismissed based on improper venue pursuant to Rule 12(b)(3).

In reviewing a Rule 12(b)(3) motion to dismiss, the uncontroverted facts in a complaint are accepted as true, and the Court "must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff." *Braspetro Oil Servs. Co. - Brasoil v. Modec (USA), Inc.*, 240 Fed. Appx. 612, 615 (5th Cir. 2007). However, the court need not credit conclusory allegations. *Am. GNC Corp. v. ZTE Corp.*, U.S. Dist. LEXIS 185358, at *2 (E.D. Tex. Oct. 4, 2017). "[W]hen unsubstantiated allegations are controverted by affidavit or declaration, the affidavit or declaration trumps the allegation," *Walker v. Inter-Americas, Ins.*, 2004 U.S. Dist. LEXIS 13627, at *1 (N.D. Tex. July 19, 2004).

The patent venue statute, 28 U.S.C. § 1400(b), provides two bases for venue. First, a patent case can be brought in the judicial district where the defendant resides. A domestic corporation

9

"resides" in its state of incorporation. *TC Heartland LLC v. Kraft Foods Grp. Brands, LLC*, 137 S. Ct. 1514, 1521 (2017). Second, a patent case can be brought in a judicial district where the defendant "has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). Proper venue under the second prong of § 1400(b) requires a showing of three elements: (1) there must be a physical place in the district, (2) it must be a regular and established place of business, and (3) it must be the place of the defendant. *In re Cray Inc.*, 871 F.3d 1355, 1362-63 (Fed. Cir. 2017). A "physical place" needs to be a "physical, geographic location in the district from which the business of the defendant is carried out." *Id*. A "regular and established place of business" requires "the regular, physical presence of an employee or other agent of the defendant" conducting that business at the alleged "place of business." *In re Google, LLC,* 949 F.3d 1338, 1345 (Fed. Cir. 2020).

First of all, Yadav resides in California.  *See*, Pawlowski Affidavit, ¶ 2. Plaintiff's Complaint sets forth several statements to purportedly support its allegation of proper venue in this District as to Yadav under the second prong of § 1400(b) but all are without merit. Yadav does not maintain any places of business within the State of Texas. *See*, Pawlowski Affidavit, ¶ 5. Yadav is a California corporation with its principal place of business located in Fremont, California. *See*, Pawlowski Affidavit, ¶ 3. Yadav does not sell any products or services within the State of Texas, nor does it sell or distribute the Taco Cabana application or the Accused Products. *See*, Pawlowski Affidavit, ¶¶ 6-9.

The burden is on the plaintiff to show that venue is proper under 28 U.S.C. § 1400(b). *In re ZTE (USA), Inc.*, 890 F.3d 1008, 1013 (Fed. Cir. 2018). This burden carries with it an obligation to come forward with factual contentions and evidence supporting the conclusion that Yadav has a regular and established place of business in this District. However, plaintiff has provided

10

conclusory allegations regarding the ownership and use of any of the alleged Accused Products as well as the Taco Cabana application. Plaintiff has provided no evidence in support of its contentions regarding Yadav's contacts with the State of Texas or this District. In this case, and as established earlier herein, Defendant Yadav has no contacts with or presence in the State of Texas, let alone a regular and established place of business as required under 28 U.S.C.§ 1400(b). The residence and situs of Defendant Yadav is in the State of California, and Yadav does not maintain any locations in Texas or in this District that would subject it to proper venue in this District. Any allegations made by Plaintiff as to Defendant Yadav's contacts with or presence in the State of Texas are wholly refuted, and the case must be dismissed for improper venue.

## Conclusion

For all the foregoing reasons, Yadav respectfully requests that Court enter an order dismissing the Complaint in its entirety with prejudice under Rules 12(b)(2) and 12(b)(3) for lack of personal jurisdiction and improper venue.

Date:   April 13, 2022                                  Respectfully submitted,

/s/ Jennifer L. Gordon
Lorium Law
180 N. LaSalle Street, Ste. 3700
Chicago, IL  60601
Telephone: (312)564-5757
Facsimile:  (312-564-5758
Email: jgordon@loriumlaw.com
*Counsel for Defendant Yadav Enterprises, Inc.*

**CERTIFICATE OF SERVICE**

   I hereby certify that on April 13, 2022, a true and correct copy of the foregoing Defendant's Motion to Dismiss Plaintiff's Complaint was filed electronically with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to the following:

Christian Hurt
churt@davisfirm.com
William E. Davis III
bdavis@davisfirm.com
THE DAVIS FIRM PC
213 N. Fredonia Street, Suite 230
Longview, TX  75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661

                /s/ Jennifer L. Gordon
                Lorium Law
                180 N. LaSalle Street, Ste. 3700
                Chicago, IL  60601
                Telephone: (312)564-5757
                Facsimile:   (312-564-5758
                Email: jgordon@loriumlaw.com