# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **TIARE TECHNOLOGY, INC.,** | |
| **Plaintiff,** | |
| v. | Civil Action No. 2:22-cv-0016 |
| **YADAV ENTERPRISES, INC.,** | JURY DEMAND |
| **YTC ENTERPRISES, LLC,** | |
| **Defendants.** | |

## DEFENDANT YTC ENTERPRISES, LLC'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE 12(b)(3)

NOW COMES the Defendant, YTC Enterprises, LLC ("YTC"), through counsel, and files this motion to dismiss Plaintiff Tiare Technology, Inc.'s ("Tiare") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(3) and in support thereof states as follows:

## BACKGROUND

Plaintiff, a Delaware corporation, filed the instant action on January 11, 2022 against Defendant YTC Enterprises, LLC ("Defendant" or "YTC" herein), and Yadav Enterprises, Inc. citing claims for patent infringement. Throughout the Complaint, Plaintiff incorrectly conflates the two defendants as a single entity and alleges all facts and claims against both defendants as though they were the same party. Plaintiff fails to identify any specific involvement of YTC in any of the alleged infringing activities. YTC formed as a corporation in the State of Delaware in 2021 and since then has operated its headquarters in the City of San Antonio, Texas.

Defendant YTC seeks that Plaintiff's Complaint be dismissed in its entirety as venue is not proper in this District for the reasons set forth herein. Defendant maintains no physical locations in this District and has not conducted any infringing activities in this District. For all

the reasons set forth herein, this case must be dismissed under Federal Rule of Civil Procedure 12(b)(3).

## ARGUMENT

### I. The Complaint Should be Dismissed for Improper Venue Pursuant to Rule 12(b)(3)

Plaintiff alleges that venue is proper in this district pursuant to 28 U.S.C. § 1400(b) *See* Plaintiff's Complaint, paragraph 12. That allegation is insufficient on its face, and this case should be dismissed based on improper venue pursuant to Rule 12(b)(3).

In reviewing a Rule 12(b)(3) motion to dismiss, the uncontroverted facts in a complaint are accepted as true, and the Court "must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff." *Braspetro Oil Servs. Co. v. Modec (USA), Inc.*, 240 F. App'x. 612, 615, 2007 WL 1425851 (5th Cir. 2007). However, the court need not credit conclusory allegations. *Am. GNC Corp. v. ZTE Corp.*, No. 4:17-cv-00620, 2017 WL 5163605, at *2 (E.D. Tex. Oct. 4, 2017). "[W]hen unsubstantiated allegations are controverted by affidavit or declaration, the affidavit or declaration trumps the allegation," *Walker v. Inter-Americas, Ins.*, No. 7:03-cv-222, 2004 WL 1620790, at *1 (N.D. Tex. July 19, 2004).

The patent venue statute, 28 U.S.C. § 1400(b), provides two bases for venue. First, a patent case can be brought in the judicial district where the defendant resides. A domestic corporation "resides" in its state of incorporation. *TC Heartland LLC v. Kraft Foods Grp. Brands, LLC*, 137 S. Ct. 1514, 1521 (2017). Second, a patent case can be brought in a judicial district where the defendant "has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). Plaintiff's allegations as to YTC are vague and improperly conflate the two Defendant entities, as well as being conclusory. Nevertheless, Plaintiff admits that YTC resides in Delaware, not the Eastern District of Texas. *See* Complaint ¶

2

5. Thus venue is only proper if Plaintiff can establish that YTC committed acts of infringement in this District *and* has a regular and established place of business in this District under the second prong of §1400(b).

While the Complaint does allege that YTC has committed acts of infringement in this District, Plaintiff cannot show that YTC has a regular and established place of business in this District for the simple reason that no such regular and established place of business exists here. Proper venue under the second prong of § 1400(b) requires a showing of three elements: (1) there must be a physical place in the district, (2) it must be a regular and established place of business, and (3) it must be the place of the defendant. *In re Cray Inc.*, 871 F.3d 1355, 1362-63 (Fed. Cir. 2017). A "physical place" needs to be a "physical, geographic location in the district from which the business of the defendant is carried out." *Id*. A "regular and established place of business" requires "the regular, physical presence of an employee or other agent of the defendant" conducting that business at the alleged "place of business." *In re Google, LLC,* 949 F.3d 1338, 1345 (Fed. Cir. 2020).

In this case, in an effort to show that YTC has a "regular and established place of business" in this District, Plaintiff points to the locations of several Taco Cabana restaurants in the District. Plaintiff alleges that these individual locations are "agents" of the collective "Yadav" for purposes of the alleged infringing activity. *See* Complaint ¶ 19. However, Plaintiff sets forth no allegations to support the agency relationship it alleges in support of its venue claims. YTC does not own or operate these Taco Cabana restaurants as further explained in the Affidavit of Richard Pawlowski, attached hereto as "Exhibit A" (the "Pawlowski Affidavit"). YTC purchased all outstanding shares of Taco Cabana, Inc. in July 2021. Taco Cabana, Inc. is the parent company of multiple separate subsidiary entities, each of which undertakes different

functions and possesses ownership of different aspects of the Taco Cabana business and brand. *See* Pawlowski Affidavit. YTC undertakes no business in and has no physical locations in the Eastern District of Texas. Although YTC is related to the entities located in the Eastern District of Texas that Plaintiff references in the Complaint, they are separate and distinct entities from YTC.

For purposes of venue, "[s]o long as a formal separation of [closely related] entities is preserved, the courts ordinarily will not treat the place of business of one corporation as the place of business of the other." Charles A. Wright and Arthur R. Miller, <u>Federal Practice and Procedure</u> § 3823 (4th ed. 2018). The courts in this District have rejected arguments that a subsidiary's presence in the district could be imputed to that corporation's parent company. *Soverain IP, LLC v. AT&T, Inc.,* 2017 WL 5126158, at *1 (E.D. Tex. Oct. 31, 2017), adopted, 2017 WL 6452802 (E.D. Tex. Dec. 18, 2017). To impute the presence of one based on the presence of the other, the entities "must lack formal corporate separateness, which is a difficult standard to meet"; that standard would not be met "even if a parent corporation controls a subsidiary's operations and the companies share a unitary business purpose." *Id*. (citing *Cannon Mfg. Co. v. Cudahy Packing Co.*, 267 U.S. 333, 334-5 (1925)).

There is abundant case law from other district courts also holding that a subsidiary's place of business cannot establish venue for its parent company. *See Reflection, LLC v. Spire Collective, LLC*, 2018 WL 310184 (S.D. Cal. Jan 5, 2018) ("[A] distributor or subsidiary of a parent corporation selling the infringer's product does not demonstrate that a defendant has a regular and established place of business in this district."); *Symbology Innovations, LLC v. Lego Sys., Inc.*, 282 F.Supp.3d 916 (E.D. Va. 2017) (stores operated by Lego Brand Retail, Inc., insufficient to establish a place of business for Lego Systems, Inc.); *Post Consumer Brands, LLC*

4

*v. Gen. Mills, Inc.*, 2017 WL 4865936, at *2 (E.D. Mo. Oct. 27, 2017) (denying venue discovery where there was no suggestion that formal corporate separateness was not preserved); *Bristol-Meyers Squibb Co. v. Aurobindo Pharma U.S. Inc.*, 2018 WL 5109836, at *9 ("The presumption of corporate separateness [for purposes of imputing venue under §1400(b)] may only be overcome by a showing of fraud, injustice or unfairness."). Plaintiff has not alleged that YTC and the Taco Cabana restaurants in this District operate as a single corporate entity. Plaintiff has further not alleged any fraud, injustice or unfairness that would allow this Court to impute venue of the separate Taco Cabana low-level subsidiary entities to the parent entity YTC under §1400(b).

The burden is on the plaintiff to show that venue is proper under 28 U.S.C. § 1400(b). *In re: ZTE (USA), Inc.*, 890 F.3d 1008, 1013 (Fed. Cir. 2018). This burden carries with it an obligation to come forward with factual contentions and evidence supporting the conclusion that YTC has a regular and established place of business in this District, or factual contentions and evidence that would allow the court to disregard established corporate formalities and impute the location of one business to that of another. However, plaintiff has provided conclusory and factually incorrect allegations regarding the ownership and use of any of the alleged Accused Products as well as the Taco Cabana application. Plaintiff has provided no evidence in support of its contentions regarding YTC's alleged location in this District. In this case, Defendant YTC has no regular and established place of business in this District as required under 28 U.S.C.§ 1400(b). Any allegations made by Plaintiff as to Defendant YTC's contacts with or presence in this District are wholly refuted, and the case must be dismissed for improper venue.

## Conclusion

For all the foregoing reasons, YTC respectfully requests that Court enter an order dismissing the Complaint in its entirety under Rule 12(b)(3) for improper venue.


Date:   April 13, 2022                             Respectfully submitted,

/s/ Jennifer L. Gordon
Lorium Law
180 N. LaSalle Street, Ste. 3700
Chicago, IL  60601
Telephone: (312)564-5757
Facsimile:   (312-564-5758
Email: jgordon@loriumlaw.com
*Counsel for Defendant Yadav Enterprises, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on April 13, 2022, a true and correct copy of the foregoing Defendant's Motion to Dismiss Plaintiff's Complaint was filed electronically with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to the following:

Christian Hurt
churt@davisfirm.com
William E. Davis III
bdavis@davisfirm.com
THE DAVIS FIRM PC
213 N. Fredonia Street, Suite 230
Longview, TX  75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661

/s/ Jennifer L. Gordon
Lorium Law
180 N. LaSalle Street, Ste. 3700
Chicago, IL  60601
Telephone: (312)564-5757
Facsimile:   (312-564-5758
Email: jgordon@loriumlaw.com