IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **TIARE TECHNOLOGY, INC.,** | |
| Plaintiff, | |
| v. | Civil Action No. 2:22-cv-0016 |
| **TACO CABANA, INC.,** | JURY TRIAL DEMANDED |
| Defendant/Third-Party Plaintiff, | |
| v. | |
| **BOTTLE ROCKET, LLC,** | |
| Third-Party Defendant. | |

**DEFENDANT TACO CABANA, INC.'S THIRD-PARTY COMPLAINT FOR INDEMNIFICATION AND CONTRIBUTION**

Defendant, Taco Cabana, Inc. ("Taco Cabana" or "Third-Party Plaintiff"), by counsel and pursuant to Federal Rule of Civil Procedure 14, files this Third-Party Complaint for Indemnification and Contribution and hereby alleges the following claims against Bottle Rocket, LLC ("Bottle Rocket") for indemnification and contribution:

**I.    INTRODUCTION**

1. Tiare Technology, Inc. ("Tiare") sued Taco Cabana for patent infringement by filing its Amended Complaint on April 27, 2022.

2. Tiare claims that Taco Cabana has, directly or through intermediaries and without Tiare's authority, made, used, sold or offered for sale, the technology claimed by Tiare's patents, or imported the technology claimed by Tiare's patents into the United States.

3. Taco Cabana has denied the allegations of the Amended Complaint and has filed its Answer and Counterclaims on June 20, 2022.

1

4.     The technology utilized by Taco Cabana that is the subject of Tiare's infringement claims was created by Bottle Rocket for Fiesta Restaurant Group, Inc. ("Fiesta"), the former parent company of wholly-owned subsidiary Taco Cabana, pursuant to a development contract. Bottle Rocket made certain representations and warranties of non-infringement and indemnity to Fiesta in said development contract. Taco Cabana is a successor-in-interest to Fiesta's agreements, contracts, rights and remedies vis-à-vis Bottle Rocket. As such, Bottle Rocket as creator and seller of the technology and indemnitor is liable for any potential infringement by Taco Cabana pursuant to indemnity provisions and representations and warranties by Bottle Rocket.

## II.     PARTIES

5.     Taco Cabana is a Delaware corporation with a principal place of business located at 8918 Tesoro Drive, Suite 200, San Antonio, Texas 78217.

6.     Bottle Rocket is a Delaware limited liability company with a principal place of business located at 14841 Dallas Parkway, 8th Floor, Addison, Texas 75254. Bottle Rocket may be served with process via its registered agent, Corporate Creations Network Inc., 5444 Westheimer #1000, Houston, Texas 77056.

## III.     JURISDICTION AND VENUE

7.     This action arises under the patent laws of the United States, Title 35 of the United States Code, §§ 271 and 281, *et seq.*, because Tiare contends that Taco Cabana has committed acts of patent infringement within the United States and this judicial district. Further, Bottle Rocket's liability is derivatively based on Tiare's claims, therefore jurisdiction attaches to the Third-Party Defendant. Accordingly, this court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). Supplemental jurisdiction under 28 U.S.C. §1367 also applies

because Third-Party Defendant has an obligation of indemnity and contribution should Taco Cabana be found liable for patent infringement.

8. Venue is proper in this judicial district because the Third-Party Defendant is a business entity subject to personal jurisdiction in this judicial district pursuant to 28 U.S.C. §§ 1391(b)-(d).

9. On information and belief, Third-Party Defendant is subject to this Court's specific and general personal jurisdiction consistent with the principles of due process and/or the Texas Long Arm Statute, due at least to the Third-Party Defendant's substantial business in this forum, including regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this judicial district.

## IV.   FACTUAL BACKGROUND

10. On or about July 8, 2019, Fiesta entered into a contract with Bottle Rocket whereby Bottle Rocket was to, among other tasks, develop a mobile application for Fiesta which would subsequently be used in Fiesta's restaurant chains ("Bottle Rocket Agreement"). A true and correct copy of the Bottle Rocket Agreement is attached hereto as Exhibit A.

11. At the time of the Bottle Rocket Agreement, Taco Cabana was a wholly-owned subsidiary of Fiesta.

12. The Bottle Rocket Agreement defines "Work Product" as "the intellectual property that BR [Bottle Rocket] creates for Client [Fiesta] to Client's specification, and Client shall be the owner of all Work Product… including without limitation, any programmed software…"

13. The Bottle Rocket Agreement contains several warranties in Section 5.2, among them that "all Work Product and Preexisting Materials shall be of original development," and that "the Work Product, as to code, visual design, and any other aspect not directed by Client in its specifications, shall not infringe, violate or misappropriate any Third Party Intellectual Property Rights."

14. The Bottle Rocket Agreement further contains an infringement indemnity provision, stating that Bottle Rocket "agrees to indemnify, defend and hold harmless the Client Indemnitees against any Claims arising from or relating to BR's [Bottle Rocket's] breach of any of subsections (a) and (c) through (f) of Section 5.2." Under the terms of the Bottle Rocket Agreement, Fiesta's indemnitees include Fiesta's "parent and its subsidiaries, if any, and their respective officers, directors, employees, and agents."

15. On or about April 27, 2022, Tiare filed its Amended Complaint against Taco Cabana on two patents related to mobile food ordering and geolocation technology. A true and correct copy of Tiare's Amended Complaint is attached hereto as Exhibit B.[1] Pursuant to the Bottle Rocket Agreement, Bottle Rocket is contractually bound to indemnify Taco Cabana if Taco Cabana is found liable for such claims.

## V.   CLAIMS

### COUNT 1: INDEMNIFICATION

16. Taco Cabana realleges and incorporates by reference the allegations set forth in the paragraphs above as though fully set forth herein.

---

[1] Yadav Enterprises, Inc. and YTC Enterprises, LLC were dismissed by stipulation on June 10, 2022, Dkt. No. 33.

17. If Taco Cabana is held liable and responsible to Tiare for damages as alleged in Tiare's Amended Complaint, it will trigger the indemnification provision of the Bottle Rocket Agreement.

18. If Taco Cabana is held liable or responsible to Tiare for damages, such liability will be the direct and proximate result of the active and affirmative conduct of Bottle Rocket.

19. Accordingly, Taco Cabana is entitled to complete indemnification from Bottle Rocket for any sums for which Taco Cabana may be adjudicated liable to Tiare, with costs of defense, costs of suit, and reasonable attorneys' fees.

## COUNT II: CONTRIBUTION

20. Taco Cabana realleges and incorporates by reference the allegations set forth in the paragraphs above as though fully set forth herein.

21. Taco Cabana denies that it is in any way legally responsible for the events giving rise to Tiare's action and is not legally responsible in any manner for the damages sought by Tiare.

22. If Taco Cabana is held liable for any damages to Tiare, Bottle Rocket is obligated to reimburse Taco Cabana for costs in defending this action.

## VI. PRAYER FOR RELIEF

WHEREFORE, Taco Cabana, Inc. respectfully requests that this Court enter judgment against third-party defendant Bottle Rocket, LLC for damages, costs, and fees spent in defending this action, and for any other relief that this Court may deem just and proper.

Date:   June 22, 2022                          Respectfully submitted,

/s/ Jennifer L. Gordon
Jennifer L. Gordon (6298582 – IL)

>Lead Attorney
>Lorium Law
>180 N. LaSalle Street, Ste. 3700
>Chicago, IL  60601
>Telephone: (312)564-5757
>Facsimile:   (312)564-5758
>Email: jgordon@loriumlaw.com
>
>*Counsel for Defendant Taco Cabana, Inc.*

**CERTIFICATE OF SERVICE**

   I hereby certify that on June 22, 2022, a true and correct copy of the foregoing was served via email on the following counsel of record, each of whom is deemed to have consented to electronic service pursuant to Local Rule CV-5(a)(3)(A):

Christian Hurt
churt@davisfirm.com
William E. Davis III
bdavis@davisfirm.com
THE DAVIS FIRM PC
213 N. Fredonia Street, Suite 230
Longview, TX 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661

                /s/ Jennifer L. Gordon
                Lorium Law
                180 N. LaSalle Street, Ste. 3700
                Chicago, IL 60601
                Telephone: (312)564-5757
                Facsimile:   (312)564-5758
                Email: jgordon@loriumlaw.com